### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DARRON ROUSE, #M23917, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 19-cv-2320-SEM-TSH |
| ) | |
| JUSTIN YOUNG, et. al. ) | |
| ) | |
|     Defendants. ) | |

**ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES BY LORI MOTON**

Defendant, LORI MOTON, by and through her attorneys, BROWN HAY & STEPHENS, LLP, for her Answer to Plaintiff's Complaint, states as follows:

**ALLEGATIONS FROM COURT'S JANUARY 17, 2020 MERIT REVIEW ORDER**

Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court found the following, "Plaintiff alleges that, on June 17, 2018, he suffered an achilles tendon tear while playing basketball, when he felt a loud pop in the back of his ankle and sudden, severe pain. Defendants allegedly delayed proper diagnosis and pain medication, and Defendant Dr. Young and/or Wexford Health Sources, Inc., allegedly denied Plaintiff surgery. Plaintiff allegedly continues to suffer chronic pain from his injury, and his daily physical activities have been affected."

These allegations state plausible Eighth Amendment claims for deliberate indifference to Plaintiff's injury and pain from that injury.

**RESPONSE: Defendant denies violating Plaintiff's constitutional rights in any manner. Defendant further denies that she was deliberately indifferent to any of Plaintiff's medical conditions. Defendant further denies that Plaintiff is entitled to any of the relief he**

**seeks in his Complaint related to his claim of deliberate indifference by Defendant, and denies that Plaintiff is entitled to damages or any relief whatsoever.**

## AFFIRMATIVE DEFENSES

1. Defendant incorporates by reference any and all admissions of fact set forth above.

2. Defendant lacks the personal involvement, as to some or all the conduct alleged herein, and cannot be held liable under the doctrine of *respondeat superior* for the actions or inactions of others with respect to Plaintiff's conditions of confinement.

3. Defendant, at all relevant times, acted in good faith performance of any and all discretionary duties and is shielded from liability for civil damages because the complained-of conduct did not violate any clearly established statutory or constitutional rights of the Plaintiff of which a reasonable person would have known and, therefore, is protected by the doctrine of qualified immunity.

4. Defendant, at all relevant times, acted in good faith and in accordance with established law and, therefore, is entitled to good faith immunity. *Janus v. American Federation of State, County and Municipal Employees, Council 31; AFL-CIO*, 942 F.3d 352 (7th Cir. 2019).

5. To the extent Plaintiff pleads issues against the Defendant not contained in his grievances or not grieved to the Administrative Review Board, he has failed to exhaust his administrative remedies, either in whole or in part.

6. To the extent that Plaintiff seeks damages for mental or emotional injuries, he has failed to demonstrate a physical injury or a sexual act and is, therefore, barred from recovering such damages. 42 U.S.C. § 1997e(e).

7. Plaintiff failed to mitigate his damages, either on whole or in part.

8. Plaintiff's own actions contributed, in whole or in part, to the injuries and damages alleged.

9. To the extent Plaintiff seeks injunctive relief against Defendant, she is without authority to grant such relief as an employee of Wexford Health Sources, Inc., and not the Illinois Department of Corrections.

### JURY DEMAND

Defendant demands a trial by jury on all issues so triable, including all allegations in the Complaint and on all Affirmative Defenses.

Dated: March 17, 2020

Respectfully submitted,
**Lori Moton, Defendant**

By: _____/s/ Andrew M. Ramage_____
Andrew M. Ramage, ARDC# 6256554
aramage@bhslaw.com
Anthony D. Schuering, ARDC# 6333319
aschuering@bhslaw.com
Brown, Hay & Stephens, LLP
205 S. Fifth Street, Suite 1000
P.O. Box 2459
Springfield, IL 62705-2459
Telephone: 217-544-8491
Facsimile: 217-241-1333

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2020, I caused to be electronically filed the foregoing ENTRY OF APPEARANCE with the Clerk of Court using the CM/ECF system that will send notification of such filing to the following:

**NONE.**

and I hereby certify that on March 17, 2020, I mailed by United States Postal Service, the document to the following non-registered participants:

**DARRON ROUSE (#M23917)**
Danville Correctional Center
Inmate Mail/Parcels
3820 East Main Street
Danville, IL 61834

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

/s/ *Jocelyn Chila-Flores*
JOCELYN CHILA-FLORES